Bell, J.
This is a proceeding in error from the Municipal Court of the city of Cincinnati, in which court the defendant in error was plaintiff and the plaintiff in error was defendant.
The bill of particulars in the court below contained three causes of action. The first cause of action alleged a conversion of goods and chattels of the value of $282.34; the second cause of action was for $400.00 for slander, and the third cause of action was for damages for eviction.
The court decided the third cause of action as a matter of law against the plaintiff below, and submitted to the jury the causes of action with reference to conversion and slander under the pleadings, consisting of a bill of particulars, an answer thereto and the evidence adduced.
After the evidence had been adduced and before argument, the court submitted to the jury certain special charges and after its general charge the jury retired and returned a verdict in the sum of $413.81 in favor of the plaintiff against the defendant, upon which verdict judgment was entered in said sum after the overruling of a motion for a new trial.
This judgment must be reversed for two reasons:
First: The answers of the jury to certain interrogatories propounded to it are inconsistent with the general verdict. The jury found that the value of the articles converted was $13.41; the jury further found that the plaintiff owed the defendant at that time the sum of $14.00. Upon those findings the defendant was entitled to a credit of fifty-nine cents against any amount found by the jury to be due upon the second cause of action, which was slander. The amount of damages asked for by this cause of action was $400.00, and yet in face of the fact of the *120 answer to these interrogatories the jury returned a verdict in a sum greater than that prayed for in the bill of particulars.
If this was the only error in this case it would probably be within the power of this court to order a remittitur on the judgment below and affirm the judgment, but there is another and more serious error which occurred with reference to the cause of action for slander, which was prejudicial to the rights of the defendant below and by reason of which this judgment must be reversed. The court charged the jury before argument as follows:
“This court instructs the jury that anger is no justification for the use of slanderous words, and if you should find that the defendant was provoked to speak slanderous words by any act or conduct of the plaintiff, Armsey, that would be no justification or excuse for speaking the slanderous words of and concerning the plaintiff, Armsey, and should not be considered by you in mitigation of damages, if any, suffered by him.
“If you find that slanderous words were not uttered, then you will not consider this charge.”
This special charge was clearly erroneous and was substantially repeated in the general charge.
The rule in Ohio is:
“that plaintiff provoked such anger or passion as resulted in the defamatory publication may be shown and considered in mitigation of damages. It is not sufficient, however, that the words were published in anger or passion alone; it must also appear that there was provocation operating as the immediate cause on the part of the person concerning whom the defamatory statement or publication was made.”
The court charged in direct conflict with this rule.
Other errors are claimed by the plaintiff in error, but in the opinion of the court no other prejudicial error intervened upon the trial. For the reasons stated this judgment must be reversed and the cause remanded.